RICHMOND COUNTY GAS-LIGHT COMPANY, appellant, v. TOWN OF MIDDLETOWN.

*Construction of statute — repeal — power of legislature — action against town, when it will not lie.*

By an act of the legislature (Laws 1865, ch. 300) the board of town auditors of M. were authorized to contract with a gas company to light the streets of the town. It was provided that, upon the receipt of a statement from the town board of any account arising under such a contract, the board of supervisors should audit such account, etc. A contract was entered into with a gas company in pursuance of such statute for five years. The act of 1865 was repealed in 1866 (ch. 730). In an action by the gas company against the town of M. for gas furnished after the passage of the act of 1866, *held*, that the act of 1865 did not give the town auditors the power to enter into a contract which should deprive the legislature of the power of repeal, or of further legislation concerning the same subject.

*Held*, also, that plaintiff had no cause of action against the town, and that a judgment dismissing the complaint upon the ground that it did not state facts sufficient to constitute a cause of action was proper.

APPEAL from a judgment rendered by Mr. Justice GILBERT, sitting at circuit, dismissing the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.

The action was brought to recover from the town of Middletown moneys claimed to be due to the plaintiff for gas furnished to the lamps in the public streets of that town from January 1, 1870, to July 8, 1870. The complaint sets forth the following facts:

The gas was furnished under a contract made between plaintiff and the town in 1865, in pursuance of a special act passed by the legislature April 6, 1865 (ch. 300). By this act the boards of town auditors in several towns of Richmond county, of which Middle-

town was one, were authorized to contract with the plaintiff for laying down gas pipes, etc., in the streets of such towns, and to light the streets with gas. It was further provided that the supervisor of each town contracting should, at each annual meeting of the board of supervisors of the county, lay before said board a statement of the amounts due from his town on account of such contract, and it was made the duty of the board of supervisors to audit the account, and assess and levy the amount necessary to pay the same, which should be paid to the county treasurer to be drawn by the plaintiff.

The contract was entered into July 7, 1865, and was, by its terms, to continue five years. By an act of the legislature passed April 20, 1866 (ch. 730), the act of 1865 was repealed.

The plaintiff furnished gas which was paid for by the town up to January 4, 1870, when four and a half years of the time had expired, and also furnished gas for six months longer, until the expiration of the term of the contract. The claim for gas furnished for this time was presented to the board of town auditors, and, upon their refusal to pay it, this action was brought.

From the order dismissing the complaint the plaintiff appeals.

*Tompkins Westervelt*, for appellant.

*S. F. Rawson*, for respondent.

BARNARD, P. J. By the provisions of the act authorizing the town auditors of Middletown to contract for lighting the streets of the town with gas, it is made the duty of the board of supervisors of Richmond county to audit the claim of the plaintiff for furnishing the same. Chap. 300, Laws of 1865. No action lies to recover the claim. *Brady* v. *Supervisors of New York*, 10 N. Y. 260 ; *Martin* v. *Supervisors of Greene*, 29 id. 645.

If the supervisors refuse to act, mandamus is the proper remedy I think that the plaintiff has no claim against the defendant.

By the act permitting the town auditors to contract with the plaintiff, no time is fixed for the continuance of the contract. The auditors contracted for five years. The legislature repealed the act in 1866 (chap. 730, Laws of 1866). By chap. 214, Laws of 1866, the legislature created the village of Edgewater, and included in it part of the town of Middletown, and authorized the trustees to contract

for lighting the same with gas, and gave them the powers of town auditors under an act of the legislature of the State, and abolished town auditors within the limits of the village.

The law permitting the town auditors to contract should not be held to give a power which virtually deprived the legislature of the power of repeal, and of future legislation over the same subject.

If the contract could be made for five years and be binding, it could be for a much longer period. The repeal as to the contract would be void, and the creation of a village out of a portion of the town of Middletown, and including either the whole or a great part of the district lighted with gas under the contract, would be of no effect to relieve the defendant. The legislature intended no such result.

The judgment should be affirmed with costs.

*Judgment affirmed.*